451 So.2d 900 (1984)
The WACKENHUT CORPORATION, Petitioner,
v.
CRANT-HEISZ ENTERPRISES, INC., d/b/a the Shell Factory, Etc., Respondent.
No. 84-660.
District Court of Appeal of Florida, Second District.
June 1, 1984.
Rehearing Denied July 3, 1984.
*901 Michael J. Keane of Parker, Parker, Bitting, Keane & Hayes, and John T. Allen, Jr., P.A., St. Petersburg, for petitioner.
Jacalyn N. Kolk of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for respondent The Shell Factory.
GRIMES, Judge.
This is a petition for writ of certiorari to review a discovery order.
A fire occurred on the business premises of The Shell Factory in March, 1982. The Shell Factory later sued Wackenhut for negligence in permitting the fire to start. As a group, the Lee County Arson Investigating Task Force has concluded that the fire started in a couch located inside an office adjoining a warehouse on the property of The Shell Factory. A representative from the state fire marshal's office has concurred with that opinion.
There is one expert, Mervin Stringer, who may disagree with this conclusion. He was retained by The Shell Factory, but he will not testify at trial. According to other witnesses, Stringer has determined that the fire began in the interior of the warehouse as a result of spontaneous combustion. He also may possess the only set of photographs of that particular area of the warehouse. The warehouse has since been replaced by another structure.
Wackenhut Corporation filed a motion for leave to take Mr. Stringer's deposition to learn more of the facts and circumstances upon which he bases his opinion. The court denied the motion, finding that Stringer was specifically retained after the fire and in anticipation of litigation; that he would not be called as a witness at trial; and that Wackenhut Corporation had not demonstrated special or exceptional circumstances to permit deposing a nontestifying expert. Wackenhut asserts that the court's order departs from the essential requirements of the law from which there would be inadequate remedy by appeal. Wackenhut now seeks a writ of certiorari from this court to depose Mr. Stringer and *902 to obtain from him any relevant documents, including photographs of the interior of the warehouse.
This discovery issue is governed by Florida Rule of Civil Procedure 1.280(b)(3)(B), which provides in part:
A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 1.360(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.
The rule has been designated as "a remnant of the `work products' privilege," Sun Charm Ranch, Inc. v. City of Orlando, 407 So.2d 938, 939 (Fla. 5th DCA 1981), and imposes the standard of "exceptional circumstances" upon the party seeking to depose the adversary's nontestifying expert.
Exceptional circumstances have been demonstrated in a condemnation proceeding where the landowner was entitled to call as his witness a condemnor's appraiser, who was not initially expected to testify. Sun Charm Ranch, Inc. In a personal injury suit, surveillance films, not intended to be introduced as evidence, were deemed subject to discovery if the films were unique, otherwise unavailable, and materially relevant to the cause's issues. Dodson v. Persell, 390 So.2d 704 (Fla. 1980). The court relied on the reasoning of the landmark decision of Hickman v. Taylor, 329 U.S. 495, 511, 67 S.Ct. 385, 394, 91 L.Ed. 451, 462 (1947), in explaining the matter of exceptional circumstances:
"We do not mean to say that all written materials obtained or prepared by an adversary's counsel with an eye toward litigation are necessarily free from discovery in all cases. Where relevant and nonprivileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had. Such written statements and documents might, under certain circumstances, be admissible in evidence or give clues as to the existence or location of relevant facts. Or they might be useful for purposes of impeachment or corroboration. And production might be justified where the witnesses are no longer available or can be reached only with difficulty."
390 So.2d at 708.
Additionally, if an expert has been hired to conduct an investigation in anticipation of litigation, his reports and memoranda constitute materials compiled in preparation for trial. Fla.R.Civ.P. 1.280(b)(2). Therefore, he cannot properly be required to reveal the findings relevant to his investigation, absent proof of the adverse party's need and inability to obtain the materials without undue hardship. Surf Drugs, Inc. v. Vermette, 236 So.2d 108 (Fla. 1970); Alachua General Hospital v. Zimmer USA, Inc., 403 So.2d 1087 (Fla. 1st DCA 1981).
In the instant case, Wackenhut deposed several members of the arson task force who were on the scene during and immediately after the blaze. Thus, Wackenhut had access to details concerning the location of the fire and the opportunity to obtain information regarding its circumstances. Mr. Stringer was hired subsequently to conduct an investigation in anticipation of litigation. Therefore, we hold that his reports, memoranda, and other documents relative to the fire constitute work product and are exempt from discovery. We also concur with the trial court's finding that Wackenhut did not demonstrate any exceptional circumstances to permit granting its motion for deposing Mr. Stringer as a nontestifying expert.
The photographs, if existent, stand in a different light. Both parties seem to agree that no pictures were taken of the interior of the warehouse by the task force. Mr. Stringer may have taken some pictures of this site to support his theory. Since the warehouse has been replaced, the scene *903 cannot be reproduced. Dodson. We find that Wackenhut has demonstrated exceptional circumstances regarding the photographs and authorize their discovery.
We grant the petition for writ of certiorari in part to compel production of any photographs taken by Mr. Stringer of the interior of the warehouse. We affirm the order denying Wackenhut's motion to depose Mr. Stringer, and certiorari is otherwise denied.
BOARDMAN, A.C.J., and CAMPBELL, J., concur.