RYDER, Chief Judge.
ITD Industries, Inc., the defendant/petitioner, seeks issuance of a writ of certiorari to review a circuit court order which re *1164 quires them to provide the plaintiffs/respondents with the name and address of their expert and also allows the respondents to depose this expert.
Helen Morrell fell on a stairway located on ITD’s property. Morrell and her husband filed a complaint against ITD alleging that her fall was caused by ITD’s failure to maintain the stairway, that the stairway did not have a handrail, and that the thread of the stairs protruded from the riser. ITD filed its answer and affirmative defenses.
On March 28, 1984, the Morrells served notice of service of interrogatories on ITD. Interrogatory # 2 asked ITD to “list the name and address of any technician or expert known or believed by you, your attorney, or other representative, to have performed or who will perform any test, investigation, analysis or examination relevant to any issue involved in this cause.”
On May 11, 1984, the Morrells filed a motion to compel answers to the interrogatories and to a previously filed motion to produce photographs and diagrams. By order dated June 5, 1984, the trial court granted the Morrells’ motion to compel and ordered that ITD fully answer the interrogatories and the notice to produce. In the meantime, however, ITD answered the interrogatories, but responded to interrogatory # 2 as follows:
Objected to as the defendants have had the premises examined by an expert, but do not intend to use that expert at the trial of the case, and at this present time have not engaged the services of any other expert who will be used at the trial of the case.
The Morrells then filed a motion to strike ITD’s pleadings. The grounds for this motion were that: petitioner failed to timely object to the interrogatories and motions to compel; that after the time for filing any objections, the petitioner submitted answers but failed to completely answer the interrogatories and notice to produce and filed objections to some of the items sought; and that because the time for objection had passed, the answers provided by the petitioner were improper.
After a hearing, the court entered its order denying the respondents’ motion to strike on July 12, 1984. However, the order required that the petitioner immediately provide the respondents’ attorney with the name and address of the expert referred to in the answer to interrogatory # 2, and that the respondents be allowed to take the deposition of this expert.
Petitioner ITD argues that the trial court’s order violates Florida Rule of Civil Procedure 1.280(b)(3)(B), which provides that a party may discover facts known or opinions held by an expert retained in anticipation of litigation only as provided in rule 1.360(b) or upon a showing of exceptional circumstances. They further argue that because the respondents have not shown any exceptional circumstances, the trial court’s order departs from the essential requirements of the law. We agree.
The respondents argue that the trial court has the authority to order discovery when a party fails to comply with the Florida Rules of Civil Procedure discovery provisions. They further argue that the petitioner’s alleged failure to serve a timely objection waived the objection.
While it is true that a court may impose sanctions to comply with court-ordered discovery, the respondents failed to cite any rule or case which allows the court under these circumstances to order discovery from an expert who will not be used at trial.
In our recent decision in The Wackenhut Corporation v. Crant-Heisz Enterprises, Inc., 451 So.2d 900 (Fla. 2d DCA 1984), we held that an expert retained in anticipation of litigation who will not be used at trial cannot be required to reveal the findings relevant to his investigation in the absence of proof that the adverse party cannot obtain the information without undue hardship.
The rule clearly requires that an adverse party make a showing of exceptional circumstances to have access to this information. The respondents have failed to make such a showing.
*1165 The petition for certiorari is granted, the writ is issued, and that portion of the trial court’s order which authorizes the taking of the expert’s deposition is set aside.
GRIMES and LEHAN, JJ., concur.