643 So.2d 10 (1994)
ORLANDO/ORANGE COUNTY EXPRESSWAY AUTHORITY, Appellant,
v.
Peter G. LATHAM, etc., et al., Appellees.
No. 93-2750.
District Court of Appeal of Florida, Fifth District.
August 26, 1994.
Rehearing Denied October 10, 1994.
C. Ken Bishop, P.A., and Robert Alfert, Jr., of Broad and Cassel, Orlando, for appellant.
Jon M. Wilson and Mary A. Doty, of Foley & Lardner, Orlando, and David Lucey, of counsel, of Foley & Lardner, Milwaukee, WI, for appellee, Southchase Warehouse Joint Venture.
No appearance for appellee, Peter G. Latham.
PER CURIAM.
The Orlando/Orange County Expressway Authority ["Authority"] appeals a jury verdict awarding the Southcase Warehouse Joint Venture ["SWJV"] $2,000,000 in severance damages in a condemnation proceeding. We reverse.
*11 SWJV's claim for severance damages was based upon expert testimony concerning its claimed "vested right" to an at-grade east-west arterial road to be built at some unspecified time in the future[1]  one which would provide access to the Florida Turnpike via an interchange on adjacent land.
When the Authority sought to introduce expert testimony to rebut SWJV's case on severance damages, SWJV urged that the testimony should be excluded as irrelevant. After hearing the Authority's proffer, made by counsel, summarizing the testimony of their two experts, the lower court ruled they could not testify. This effectively left the Authority without a case in defense of SWJV's $4,000,000 severance damage claim. As the court expressed it: "[The Authority's counsel] is resting because I eliminated his rebuttal."[2] We reverse because, based on our review of the record, it appears that much of the proffered testimony was relevant to the severance damage claim put on by SWJV,[3] which depended on SWJV's claim of a right to an east-west arterial access.
The issue of whether SWJV has a claim for severance damages at all was not presented to the lower court, nor was the record well developed because of the severe limitations placed on the Authority's evidence. We conclude this issue is most appropriately considered on remand, taking into account recent developments in Florida case law, including Department of Transportation v. Gefen, 636 So.2d 1345 (Fla. 1994) and Broward County v. Patel, 641 So.2d 40 (Fla. 1994).
Finally, even though the Authority has prevailed on appeal, Florida law requires that SWJV be awarded attorneys' fees. § 73.131, Fla. Stat. (1993). Denmark v. Department of Transportation, 389 So.2d 201 (Fla. 1980).
REVERSED AND REMANDED.
DAUKSCH, GRIFFIN and DIAMANTIS, JJ., concur.
NOTES
[1] As expressed in SWJV's brief, "SWJV's witnesses concluded not only that the construction of such a road was probable, but that it was specifically required by the applicable governmental agencies."
[2] The Authority's counsel then asked to be allowed not to rest until the following morning before the jury view of the property to see if he had any other appropriate rebuttal. The following day, possibly in recognition that the breadth of the lower court's order was error, SWJV's counsel attempted to "clarify" the scope of its objection, but the court did not modify its order.
[3] We are not persuaded by SWJV's contention on appeal that the Authority failed to preserve this error by making the proffer himself rather than by offering the witnesses' testimony. The colloquy between the Authority's counsel and the court, however, shows that the court was asked by counsel if the witnesses should testify and the court considered counsel's proffer adequate for the purpose of making his ruling. There was no objection from SWJV to the proffer by counsel. Furthermore, we find the proffer provides sufficient detail that the relevancy of the testimony and the lower court's error in excluding it are not in doubt. See Reaves v. State, 531 So.2d 401 (Fla. 5th DCA 1988).