681 So.2d 720 (1996)
FIREMAN'S FUND INSURANCE COMPANY and Marion Asmus, Petitioners,
v.
Priscilla SIGNORELLI, Respondent.
No. 95-04163.
District Court of Appeal of Florida, Second District.
April 26, 1996.
*721 Matthew R. Danahy of Shofi, Smith, Hennen and Gramovot, P.A., Tampa, for Petitioners.
Philip M. Burlington of Caruso, Burlington, Bohn and Compiani, P.A., West Palm Beach, and William deForest Thompson, P.A., Fort Lauderdale, for Respondent.
PER CURIAM.
Fireman's Fund Insurance Company and Marion Asmus invoke the certiorari jurisdiction of this court to review a pretrial discovery order in the circuit court directing the insurer to produce certain items from its claims file to plaintiff Signorelli in an action against a workers' compensation carrier for intentional infliction of emotional distress based upon allegations that the carrier abused the claimant during the processing of the claim. This dispute does not revolve around the question whether plaintiff met the criteria embodied in Florida Rule of Civil Procedure 1.280(b)(3) to obtain work-product material. After an in camera inspection of the materials the court found that certain documents were not prepared in anticipation of litigation and were consequently not subject to the qualified privilege. We quash the order under review in part without prejudice to Signorelli to seek production of the materials we hold were prepared in anticipation of litigation if she fulfills the requirements of Florida Rule of Civil Procedure 1.280(b)(3) to overcome the qualified privilege.
Specifically, the carrier was ordered to produce forty-two pages of progress notes, five pages of handwritten notes, and a one-page document identifying a matching claim with the initiating claim. An investigative report dated May 8, 1992, is included in the envelope containing these sealed materials, but our reading of the court's oral pronouncement persuades us that it did not intend to include this report in the materials to be produced.
All of the materials in question were developed by the carrier after the claim was advanced, and before the litigation was commenced which gives rise to this proceeding. The work-product privilege can apply to investigative materials if such materials were compiled in response to some event which foreseeably could be made the basis of a claim. See Anchor National Financial Services, Inc. v. Smeltz, 546 So.2d 760 (Fla. 2d DCA 1989). In concluding that they were not in fact prepared in anticipation of litigation, the trial court observed that the materials "appear to include, perhaps, the claim adjustor's impressions and some evaluation and recommendations." Had these documents been deemed to constitute work-product by the trial court, it would have been obligated to redact those impressions, evaluations and recommendations. Fla.R.Civ.P. 1.280(b)(3).
The body of the progress notes which comprise the bulk of the papers in dispute covers the time both before and after plaintiff underwent the surgery of which she complains had been delayed one day by the carrier. The surgery occurred on March 11, 1992, and the notes of April 1, 1992, reflect the contentious relationship developing between the parties and plaintiff's accusation that her discomfort was a direct result of actions of the carrier. Once an insurance carrier has been notified by a claimant that his or her injuries are the fault of the carrier, a prudent insurer would invariably be placed on notice that litigation might follow. Accordingly, we hold that as of April 1, 1992, the insurer had a reasonable expectation that these internal writings would be protected by a qualified privilege, and that it attached on that date.
The handwritten notes appear to have been generated after April 1, 1992, so they, along with the progress notes of April 1, 1992, and thereafter, are protected by the qualified privilege. The one-page document identifying a matching claim is dated November 15, 1991. That document, and the progress notes made prior to April 1992, may have been prepared in anticipation of litigation, but we decline to hold that the trial court departed from the essential requirements of law in finding that they were not.
Our holding that portions of the materials are subject to a work-product privilege is of course without prejudice to the plaintiff's application for their production consistent *722 with the dictates of Florida Rule of Civil Procedure 1.280(b)(3).
Certiorari granted in part and denied in part, order quashed in part, and remanded with directions to enter an order consistent with this opinion.
RYDER, A.C.J., and ALTENBERND and WHATLEY, JJ., concur.