708 So.2d 637 (1998)
Frank DIMEGLIO, Petitioner,
v.
Donna Marie BRIGGS-MUGRAUER and State Farm Mutual Automobile Insurance Company, Respondents.
No. 97-02270.
District Court of Appeal of Florida, Second District.
April 1, 1998.
*638 Jay Calvert Cooper of Goldberg, Goldstein and Buckley, P.A., Fort Myers, for Petitioner.
Dianne M. Dokecki and Jeffrey D. Troy of Troy and Yeslow, P.A., Fort Myers, for Respondents.
PER CURIAM.
Frank Dimeglio petitions this court to issue a writ of certiorari quashing the trial court's protective order prohibiting the deposition of Dr. Paul Dernbach who performed a physical examination of Dimeglio on behalf of respondent, State Farm. We conclude that the order of the trial court constitutes a departure from the essential requirements of law resulting in a material injustice that cannot be remedied on plenary appeal. We grant the petition, issue the writ, and quash the order which is the basis of the petition.
Dimeglio, the plaintiff below, was driving his vehicle when he was struck by an uninsured vehicle owned by respondent, Donna Marie Briggs-Mugrauer, and driven by a third party. At the time of the accident, Dimeglio had an insurance policy with State Farm which included uninsured motorist benefits of $50,000 per person and $100,000 per accident. The insurance contract provided that if Dimeglio filed a claim he would consent to be examined by State Farm's chosen physicians as often as reasonably required. Prior to the initiation of a lawsuit, a claims representative for State Farm sent a letter to Dimeglio's counsel advising that she had scheduled an independent medical examination with Dr. Dernbach to verify the extent of Dimeglio's injuries. The letter requested that Dimeglio provide releases as to MRI and x-ray films and that he "forward any other films, diagnostic tests, and medical records" regarding his treatment. After the examination, Dr. Dernbach, in his report furnished to Dimeglio, expressed the view that Dimeglio had suffered from a cervical and lumbar myofascial syndrome. He further stated that, based on the history obtained, the symptoms were not an aggravation of a previous injury; that Dimeglio had sustained a partial disability rating of no more than three percent; and that he would not be able to work as a drywall installer to the degree that he was able to prior to the accident.
Approximately one year after Dr. Dernbach issued his report, Dimeglio filed suit against State Farm seeking payment of uninsured motorist benefits. Dimeglio then scheduled the video deposition of Dr. Dernbach for purposes of discovery and use at trial, and State Farm filed a motion for a protective order prohibiting the deposition based on a claim of work-product privilege. At the hearing on the motion, counsel for State Farm indicated that he was not going to call Dr. Dernbach at the trial and that State Farm had not listed him as an expert witness. Dimeglio argued that the examination was not performed in anticipation of litigation and therefore did not come under the ambit of Florida Rule of Civil Procedure 1.280(b)(4)(B); and that, alternatively, if it were performed in anticipation of litigation, he could depose Dr. Dernbach and call him as a witness at trial pursuant to Florida Rules of Civil Procedure 1.360(b) and (c). The trial court granted the motion for protective order.
Dimeglio argues that the trial court, in issuing the protective order, departed from *639 the essential requirements of law, resulting in a material injury which is not remediable on appeal. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987). State Farm contends that the medical examination was performed in anticipation of litigation and that the facts known to and the opinions held by Dr. Dernbach are not discoverable except upon a showing of the exceptional circumstances expressed in rule 1.280(b)(4)(B). State Farm further asserts that Dimeglio is not entitled to depose Dr. Dernbach under the rule 1.360(b) exception to rule 1.280(b)(4)(B) because the examination was not performed pursuant to rule 1.360 but pursuant to the contractual relationship between Dimeglio and State Farm.
We agree with State Farm's claim that the examination was prepared in anticipation of litigation. In Fireman's Fund Insurance Company v. Signorelli, 681 So.2d 720 (Fla. 2d DCA 1996), the plaintiff filed an action against the insurer for intentional infliction of emotional distress. The trial court ordered the insurer to produce certain documents which were developed by the carrier after the claim was advanced, but before litigation was initiated. This court held that any documents developed after the claimant notified the insurer that her injuries were the fault of the insurer were protected by the work-product privilege because the insurer could reasonably foresee that litigation would follow. Applying Signorelli to the case at hand, once Dimeglio filed a claim under the uninsured motorist provisions of his policy, State Farm could reasonably foresee that litigation would follow and the doctor's examination was performed in anticipation of litigation. Therefore, the facts known and the opinions held by Dr. Dernbach are discoverable only under the exceptions provided for in rule 1.280(b)(4)(B).
That rule indicates that a party may discover the facts known by and opinions held by an expert employed by another party in anticipation of litigation or for trial preparation purposes and who is not expected to be called as a witness at trial as provided in rule 1.360(b). Rule 1.360(b) provides that where a party is examined by a medical expert employed by the other party, that party is entitled to certain discovery. In the present case, the examination was performed pursuant to contract and prior to the commencement of suit. We hold, however, that rule 1.360 applies to this type of situation. Rule 1.360(a)(1) states that "[a] party may request any other party to submit to, or produce a person in that other party's control for, examination by a qualified expert when the condition that is the subject of the requested examination is in controversy." Once Dimeglio filed a claim, his physical condition, vis-a-vis any injuries that may have been caused by the automobile accident, was a condition in controversy. Rule 1.360(b)(3) states that the rule applies to "examinations made by agreement of the parties unless the agreement provides otherwise." In the present case, the parties agreed that Dimeglio, if he were to make a claim, was to be examined by State Farm's physicians.
Although the request for a physical exam under rule 1.360 would generally occur after litigation has commenced, we conclude, based on the plain language of rule 1.280(b)(4)(B), which provides for a rule 1.360(b) exception where an expert was retained in anticipation of litigation but is not expected to be called at trial, that rule 1.360 also encompasses presuit examinations. To conclude otherwise would be to determine that the words "in anticipation of litigation" do not mean prior to suit being filed and would emasculate the rule 1.360(b) exception to rule 1.280(b)(4)(B), allowing it only where an expert has been retained for trial preparation. Therefore, in this case, even though the examination was prepared in anticipation of litigation by an expert who is not expected to be called at trial, discovery is available to Dimeglio through rule 1.360(b).
Rule 1.360(b)(1) states that a party to whom a request for an examination is made is entitled to obtain a copy of the examiner's report upon demand. Although rule 1.360(b) does not specifically authorize the taking of the examiner's deposition for discovery purposes, rule 1.360(b)(2) states that "[b]y requesting and obtaining a report of the examination... or by taking the deposition of the examiner," the party examined waives any *640 privilege regarding the testimony of any other person who has or may examine the party concerning the same condition. Based on this, there is a strong implication that the examined party is entitled to take the discovery deposition of the examiner. We do not, however, have to decide this question. Dimeglio sought to take the deposition of Dr. Dernbach for use at trial. Rule 1.360(c) states that the examiner may be called by any party to the action. Florida Rule of Civil Procedure 1.390(b) states that "[t]he testimony of an expert or skilled witness may be taken at any time before the trial in accordance with the rules for taking depositions and may be used at trial, regardless of the place of residence of the witness or whether the witness is within the distance prescribed by rule 1.330(a)(3)." Dimeglio is clearly entitled to take the deposition of Dr. Dernbach for use at trial.
Furthermore, we note that physicians who perform a physical examination are different from other experts such as an engineer who examines blueprints or a physician who is hired by a party to examine a patient's records. Pursuant to section 455.241(1), Florida Statutes (1995), any person who is physically examined by a physician is entitled "upon request of that person or the person's legal representative" to "copies of all reports and records relating to such examination." This statute contributes to our conclusion that a defendant insurance company cannot claim a work-product privilege in regard to a physical examination of the plaintiff by the insurance company's chosen physician.
Therefore, in issuing the protective order, the trial court departed from the essential requirements of law. This error resulted in a material injury because Dimeglio is prohibited from utilizing the testimony of a helpful witness at trial. This harm is not remediable on appeal because there is no way to determine what the testimony of Dr. Dernbach would have been or what effect it would have had on the case. Accordingly, we grant the petition, quash the order of the circuit court, and remand with directions to allow Dimeglio to take Dr. Dernbach's deposition.
Certiorari granted.
FRANK, A.C.J., and QUINCE and WHATLEY, JJ., concur.