725 So.2d 434 (1999)
CSX TRANSPORTATION, INC., Petitioner,
v.
Ray CARPENTER, Ruth K. Davis, Hancock Citrus, Inc., South Central Florida Express, Inc., and Highlands County Board of County Commissioners, Respondents.
No. 98-03066
District Court of Appeal of Florida, Second District.
February 3, 1999.
Joseph P. Milton and Eric L. Leach of Milton, Leach & D'Andrea, P.A., Jacksonville, for Petitioner.
Robert D. Keough of Woolfolk, Keough, Dubose & Debari, P.A., Orlando, for Respondents.
PER CURIAM.
This certiorari proceeding principally concerns a discovery order requiring CSX Transportation, Inc. to produce photographs and video footage of a railroad crossing purportedly taken in anticipation of litigation. On this claim we grant certiorari.
The plaintiff below, Ray Carpenter, was injured when riding as a passenger in an *435 automobile that was involved in a nighttime collision with a railroad train owned by CSX. Carpenter sued CSX and several others, including the owner of the railroad crossing and the owners of the adjacent citrus grove and property. He alleged among other things that on the night of the accident overgrown citrus foliage obstructed motorists' views of the railroad crossing warning devices. During discovery, Carpenter learned that a CSX representative or its consulting engineer may have taken nighttime photographs and video footage of the accident scene within a day or two after the accident. After CSX asserted its work-product privilege, Carpenter moved to compel production of the photographs and videotape. Over CSX's objection that Carpenter had not made a sufficient evidentiary showing, the circuit court ordered the production.
The work-product privilege is not absolute, and the Florida Rules of Civil Procedure provide a mechanism for invading it. But in this instance, Carpenter failed to satisfy the rule, and certiorari relief is required. Florida Rule of Civil Procedure 1.280(b)(3) provides that a party may be ordered to produce documents and tangible things prepared in anticipation of litigation "only upon a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Here, the record does not contain affidavits or testimony in support of this proposition. Assertions of counsel do not fulfill this requirement. See Prudential Ins. Co. of America v. Florida Dept. of Ins., 694 So.2d 772 (Fla. 2d DCA 1997); Procter & Gamble Co. v. Swilley, 462 So.2d 1188, 1195 (Fla. 1st DCA 1985).
In its petition to this court, CSX outlines a number of evidentiary issues which Carpenter failed to address by affidavits appended to his motion to compel or by testimony at the hearing on the motion:
a. Whether the tree trimming impacted a motorist's view of the signal lights;
b. Whether the daytime photographs taken of the crossing by Defendant, Highlands County, CSX Transportation, Inc. or any third party before any tree limbs were trimmed fairly and accurately depict the view of the crossing from the vantage point of an approaching motorist;
c. Whether nighttime photographs taken by the Florida Highway Patrol fairly and accurately depict the operation of the signal lights and/or view of the crossing on the night of the accident;
d. Whether daytime photographs taken from the vantage point of an approaching motorist are the substantial equivalent of nighttime photographs or videotapes;
e. Whether the videotape taken by Petitioner's consulting expert fairly and accurately depicts the view of the signal lights from the vantage point of an approaching motorist;
f. Whether Carpenter has photographs and videotapes of the subject crossing before any branches were trimmed;
g. Whether Carpenter has used due diligence to locate other photographs and videotapes of the crossing;
h. Whether the testimony of the eyewitnesses present at the accident scene on the night of the accident and before any branches were trimmed provides the substantial equivalent of Petitioner's work-product.
Carpenter argues that he complied with the rule by relying on depositions of record that unequivocally showed that tree limbs were cut a few days after the accident. That testimony adequately established that it is now impossible to recreate the scene as it appeared at the time of the accident. But, as demonstrated by the ancillary issues listed above, the evidence did not prove that Carpenter needs CSX's work-product and that he is unable to obtain the functional equivalent from other sources without undue hardship.
CSX also challenges a portion of the order that permits Carpenter to depose CSX's consulting expert witness regarding the details of the photographic and video images taken on evenings immediately following the accident. This matter has already been the subject of discovery depositions, and questions in that regard would not intrude *436 upon any findings the witness may have made. See ITD Industries, Inc. v. Morrell, 459 So.2d 1163, 1164 (Fla. 2d DCA 1984) (referencing Wackenhut Corp. v. Crant-Heisz Enterprises, Inc., 451 So.2d 900 (Fla. 2d DCA 1984), which restricts discovery of an expert's findings as work-product). We conclude that CSX has not established that this part of the order constitutes a material injustice. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1098 (Fla.1987); Dimeglio v. Briggs-Mugrauer, 708 So.2d 637, 638 (Fla. 2d DCA 1998).
Petition for writ of certiorari granted in part, denied in part, and the order of the circuit court quashed in part.
PARKER, C.J., and FULMER and NORTHCUTT, JJ., Concur.