DELL, J.
This appeal arises out of four conflicting orders on appellee’s, Robert Pearl, motion for new trial. We reverse and remand for further proceedings.
On June 11, 1993, appellee sustained personal injuries in an automobile accident. On October 10, 1995, he filed suit against appellants, Mr. Cooney and Mr. Ferber, for loss of future earning capacity and for permanent injuries. He also joined appellant, St. Paul Insurance Company (StPaul), in the action for underin-sured motorist (UM) benefits.
Prior to trial, appellants made a motion in limine to exclude the testimony of Dr. Jacobs, an orthopedic surgeon who performed two independent medical examinations (IME) of appellee in connection with his claim for personal injury protection (PIP) benefits. Appellants argued that Dr. Jacobs’ testimony would be “cumulative,” “repetitive,” and “prejudicial.” Ap-pellee argued that Dr. Jacobs’ testimony was “very important” because it would rebut his treating physician’s, Dr. Reitman, testimony that he “was exaggerating his condition and there really wasn’t anything wrong with him and he didn’t want to treat it.” According to appellee, “Dr. Jacobs saw [appellee] at the same time Dr. Reit-man did [in March of 1994], and Dr. Jacobs, the St. Paul IME doctor did find things wrong.” The trial court granted appellants’ motion and excluded all evidence related to the PIP claim, including Dr. Jacobs’ testimony. After hearing conflicting expert testimony concerning appel-lee’s condition and ability to work, the jury found that appellee had no lost earning capacity or permanent injury and returned a verdict in favor of appellants.
Appellee filed a motion for new trial. He argued that Dr. Jacobs’ testimony was improperly excluded under Dimeglio v. Briggs-Mugrauer, 708 So.2d 637 (Fla. 2d DCA 1998), and that the verdict was against the manifest weight of the evidence. He attached Dr. Jacobs’ medical reports to his motion. Thereafter, the trial court entered a series of conflicting orders on appellee’s motion for new trial. On May 29, 1998, without a hearing, the *744 trial court denied appellee’s motion for new trial. On July 8, 1998, again without a hearing, the trial court granted appellee’s motion for new trial based upon the exclusion of Dr. Jacobs’ testimony and the holding in Dimeglio.
On July 16, 1998, appellants filed a motion for rehearing and requested that the court vacate, reconsider, and/or clarify its two conflicting orders. That same day, the trial court, “upon its own motion,” issued an order that vacated its July 8 order because it concluded that it lacked authority to reconsider its May 29 order. As a result, the May 29 order was reinstated and appellee’s motion for new trial was denied.
On July 20, 1998, appellee filed a motion to set aside the order denying his motion for new trial. In an affidavit attached to his motion, appellee’s counsel stated that the judge’s judicial assistant told him that the judge would not permit a hearing on his motion for new trial or grant a new trial, and that if he disagreed with the jury’s verdict, he should appeal. He further explained that he submitted the May 29 order denying his motion for new trial in “accordance with [the] judicial assistant’s advice.”
On July 28, 1998, after a hearing on appellee’s motion for clarification and rehearing of the July 16 order, the trial court vacated the May 29 order because it was “mistakenly entered.” Thus, the trial court vacated the July 16 order and reinstated the July 8 order, which granted appellee a new trial.
Appellants contend that after the trial court denied appellee’s motion for a new trial, it lacked jurisdiction to enter its July 8 and 28 orders. They cite DePadro v. Moore, 215 So.2d 27 (Fla. 4th DCA 1968), in which this court stated:
When the trial court has considered on its merits a timely motion for new trial, and thereafter enters its order denying such a motion, the court has no authority to entertain or consider a subsequently filed motion or petition for rehearing which merely asks the court to reconsider the same matter.
Id. at 28.
Here, unlike the proceedings in De-Padro, the record shows that the trial court did not consider the merits of appel-lee’s motion for new trial until its July 8 order. The record also supports the trial court’s conclusion that the May 29 order was “mistakenly entered.” We therefore hold that the trial court had jurisdiction under Rule 1.540(b)(1), Florida Rules of Civil Procedure, to set aside the May 29 order and reinstate the July 8 order that granted appellee a new trial.
Next, appellants argue that, if the trial court had jurisdiction to enter the July 8 and 28 orders, it erred in granting a new trial because appellee failed to proffer Dr. Jacobs’ testimony; Dr. Jacobs’ testimony was cumulative; and Dimeglio did not require a new trial as a matter of law. For the reasons discussed below, we conclude that appellee made an adequate proffer of Dr. Jacobs’ testimony and that it was within the trial judge’s discretion to determine whether Dr. Jacobs’ testimony was unduly cumulative. However, we agree with appellants that Dimeglio does not mandate a new trial as a matter of law, but disagree that the order should be reversed and the cause remanded for entry of judgment in their favor.
Before trial, appellants moved to exclude Dr. Jacobs’ testimony as “cumulative,” “repetitive,” and “prejudicial.” In response, appellee informed the trial court that
[i]t will be defendant’s position that Dr. Reitman said my client was exaggerating his condition and there really wasn’t anything wrong with him and he didn’t want to treat it, yet Dr. Jacobs saw him at the same time Dr. Reitman did, and Dr. Jacobs, the St. Paul I.M.E. doctor, did find things wrong.
This statement, along with the context in which it was made, sufficiently informed the trial court of the nature, substance, *745 and relevancy of Dr. Jacobs’ testimony. See Orlando/Orange County Expressway Auth. v. Latham, 643 So.2d 10, 11 n. 3 (Fla. 5th DCA 1994).
The record further shows that the trial court did not specifically address appellants’ arguments that Dr. Jacobs’ testimony was “cumulative,” “repetitive,” and “prejudicial,” but excluded his testimony solely because Dr. Jacobs examined appel-lee pursuant to the PIP claim. Since the trial court found that Dr. Jacobs was “not part of the [UM] lawsuit,” he concluded, “No Doctor Jacobs, no PIP claim in this case, that’s my ruling.” However, the record shows that Dr. Jacobs’ examination and Dr. Reitman’s examination occurred at or about the same time with conflicting results. In Dr. Jacobs’ second report, he placed a restriction on the amount appellee could lift and carry and determined that he had reached maximum medical improvement. Such evidence was relevant and material to appellee’s claim. See Fla. Rules Evid. 90.401, 90.402. Under these circumstances, the trial court could have excluded references to the PIP claim, while at the same time, admitted testimony as it related to the UM claim. See Allstate Ins. Co. v. Mazzorana, 731 So.2d 38, 40 (Fla. 4th DCA 1999).
The trial court stated in its July 8 order granting appellee’s motion for new trial that:
Plaintiff was entitled to present the testimony of Dr. Stephen Jacobs, an orthopedist who performed an I.M.E. of Plaintiff at the request of Defendant, ST. PAUL INSURANCE COMPANY. In this situation, Rule 1.360 permits any party [to] call the examining physician as a witness at trial. See Dimeglio v. Briggs-Mugrauer and State Farm Mut. Auto. Ins. Co.
Appellants correctly argue that the trial court misinterpreted Dimeglio. Dimeglio does not require, as a matter of law, the admission of Dr. Jacobs’ testimony. However, Dimeglio may furnish support for the trial court to exercise its discretion to grant a new trial.
In Dimeglio, the court explained:
[Rule 1.280(b)(4)(B) ] indicates that a party may discover the facts known by and opinions held by an expert employed by another party in anticipation of litigation or for trial preparation purposes and who is not expected to be called as a witness at trial as provided in rule 1.360(b). Rule 1.360(b) provides that where a party is examined by a medical expert employed by the other party, that party is entitled to certain discovery. In the present case, the examination was performed pursuant to contract and prior to the commencement of suit. We hold, however, that rule' 1.360 applies in this type of situation. Rule 1.360(a)(1) states that “[a] party may request any other party to submit to, or produce a person in that other party’s control for, examination by a qualified expert when the condition that is the subject of the requested examination is in controversy.” Once Dimeglio filed a claim, his physical condition, visa-vis any injuries that may have been caused by the automobile accident, was a condition in controversy. Rule 1.360(b)(3) states that the rule applies to “examinations made by agreement of the parties unless the agreement provides otherwise.” In the present case, the parties agreed that Dimeglio, if he were to make a claim, was to be examined by State Farm’s physicians.
Dimeglio, 708 So.2d at 639.
It is unclear from this partial record whether at the time of Dr. Jacobs’ examination appellee had a claim pending or anticipated for UM benefits. If such a claim existed or was anticipated, then as discussed in Dimeglio, Rule 1.360 would apply. On the other hand, if the UM claim was not pending or anticipated, Dimeglio would be inapplicable. In'that situation, the trial court should have weighed appel-lee’s need for Dr. Jacobs’ testimony *746 against appellants’ arguments that his testimony was cumulative and prejudicial.
We therefore reverse the trial court’s order granting appellee a new trial; we remand with direction for the trial court to reconsider appellee’s motion for new trial, conduct such further hearings as may be necessary, and enter such further orders as may be consistent herewith.
REVERSED and REMANDED.
WARNER, C.J., and TAYLOR, J., concur.