847 So.2d 1118 (2003)
FLORIDA EAST COAST RAILWAY, L.L.C. Petitioner,
v.
Paul S. JONES Respondent.
No. 1D02-4591.
District Court of Appeal of Florida, First District.
June 19, 2003.
Eric L. Leach and James T. Bailey, Jr., of Milton, Leach, Whitman, D'Andrea, Charek & Milton, P.A., Jacksonville, for Petitioner.
Willard J. Moody, Jr., of Moody, Strople, Kloeppel, Basilone & Higginbotham, Inc., Portsmouth, Virginia; and William Earl Higginbotham, of Moody, Strople, Kloeppel, Basilone & Higginbotham, Inc., Jacksonville, for Respondent.
WOLF, J.
Petitioner, Florida East Coast Railway, L.L.C. ("the Railway"), seeks certiorari review of a discovery order requiring it to produce photographs, measurements, and a diagram purportedly taken in anticipation of litigation to Respondent, Paul S. Jones ("Jones"). Jones was employed by the Railway when he was involved in an accident with a railway car. "Non-final orders that permit discovery are a classic example of the type of interlocutory order that may be reviewed by writ of certiorari." Procter & Gamble Co. v. Swilley, 462 So.2d 1188, 1192 (Fla. 1st DCA 1985). Certiorari intervention is appropriate especially when, as here, the trial court's order departs from the essential requirements of law, thereby causing material harmdisclosure of privileged workproductfor which there is no adequate *1119 remedy on final appeal. See Gardner v. Manor Care of Boca Raton, Inc., 831 So.2d 676 (Fla. 4th DCA 2002); 1620 Health Partners, L.C. v. Fluitt, 830 So.2d 935 (Fla. 4th DCA 2002).
After the Railway objected to Jones' request for photographs, measurements, and a diagram prepared by it after the accident, the respondent filed a motion to compel. No sworn testimony was taken at the hearing, nor did respondent submit any affidavits or other evidence. The trial court stated at the hearing on the motion to compel, and again in its order, that Jones was not required to show by affidavit his need or inability to obtain the substantial equivalent of the requested materials. This was a departure from the essential requirements of Florida law. Before a party can obtain discovery of work product material, it must show that it "has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fla. R. Civ. P. 1.280(b)(3). The bare assertions of counsel are clearly inadequate to show the "need" and "undue hardship" required for production of work product documents. See Procter & Gamble Co., 462 So.2d at 1195 (Fla. 1st DCA 1985); CSX Transp., Inc. v. Carpenter, 725 So.2d 434 (Fla. 2d DCA 1999).
The trial court made its ruling based on the assertion by counsel that the environment and conditions at the scene of the accident had changed. This alone cannot justify compelling disclosure of work-product photographs. See CSX Transp., Inc., 725 So.2d at 435. Even if the conditions had changed since the time of the accident, there is nothing in the record, including the arguments by Jones' counsel to explain why it is impractical for Jones to obtain or recreate the diagram through the testimony of the noted witnesses, or why he cannot take the measurements now as suggested by the Railway. Moreover, there was no showing as to the extent of respondent's own diligence.
Regarding the photographs, although the conditions at the site of the accident may have changed, the Railway seems to have conceded that it may have to produce certain photographs if plaintiff establishes that these changes have occurred. The pictures are not in the record before us, and therefore, it is impossible to know whether the substantial equivalent could be produced.
We do not determine whether respondent can or cannot make the requisite showing. Rather, we hold that respondent failed to make the requisite showing before the trial court. In quashing this order we direct the trial court to hold an evidentiary hearing to determine whether the plaintiff could make the requisite showing of need and undue hardship. In doing so the trial court should review the materials in camera to determine whether Jones can meet his burden under rule 1.280(b)(3). See generally, Hamilton v. Ramos, 796 So.2d 1269 (Fla. 4th DCA 2001) (quashing order compelling discovery; noting trial court should have conducted in camera hearing to determine whether deposition questions elicited information protected by work product privilege).
PETITION FOR WRIT GRANTED; ORDER QUASHED; REMANDED FOR FURTHER PROCEEDINGS.
BARFIELD and DAVIS, JJ., concur.