866 So.2d 1255 (2004)
Lisa Marie FALCO, Petitioner,
v.
NORTH SHORE LABORATORIES CORPORATION, a foreign corporation, Respondent.
No. 1D03-3005.
District Court of Appeal of Florida, First District.
February 19, 2004.
*1256 Julie H. Littky-Rubin of Lytal, Reiter, Clark, Fountain & Williams, LLP, West Palm Beach, for Petitioner.
W. Cleveland Acree, II, and Daniel A. Tressler, II, of Unger, Acree, Weinstein, Marcus, Merrill, Kast & Metz, P.L., Orlando, for Respondent North Shore Laboratories Corporation.
VAN NORTWICK, J.
Lisa Marie Falco seeks certiorari review of an order granting the unsworn motion of respondent, North Shore Laboratories Corporation (North Shore), to compel discovery of certain videotapes in Falco's possession which were prepared subsequent to the automobile accident in which she was injured and which constituted her work product prepared in anticipation of litigation or trial.[1] North Shore, which was alleged to have manufactured defective tire plugs placed in the tires of the Ford Bronco that overturned causing injury to Falco, argues that Falco allowed the Bronco and tires to deteriorate after the photographs and videotapes were taken and that North Shore could not, without undue hardship, recreate the condition of the Bronco at the time of the accident without the needed videotapes. Falco argues that she has produced all the photographs which are necessary to allow North Shore to obtain the equivalent evidence and that the trial court erroneously denied her work product immunity based on North Shore's "bare assertions" that this discovery was necessary. We agree and grant the petition.
This case is controlled by our recent decision in Florida East Coast Railway L.L.C. v. Jones, 847 So.2d 1118 (Fla. 1st DCA 2003) in which we explained:
After the Railway objected to Jones' request for photographs, measurements, and a diagram prepared by it after the accident, the respondent filed a motion to compel. No sworn testimony was taken at the hearing, nor did respondent submit any affidavits or other evidence. The trial court stated at the hearing on the motion to compel, and again in its order, that Jones was not required to show by affidavit his need or inability to obtain the substantial equivalent of the requested materials. This was a departure from the essential requirements of Florida law. Before a party can obtain discovery of work product material, it must show that it "has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fla. R. Civ. P. 1.280(b)(3). The bare assertions of counsel are clearly inadequate to show the "need" and "undue hardship" required for production of work product documents. See Procter & Gamble Co., 462 So.2d at 1195 (Fla. 1st DCA 1985); CSX Transp., Inc. v. Carpenter, 725 So.2d 434 (Fla. 2d DCA 1999).
Id. at 1119.
A party's work product is discoverable only where the party seeking discovery shows that it has need of the materials to prepare its case and it is unable to obtain, without undue hardship, the substantial equivalent of the materials by other means. Fla. R. Civ. P. 1.280(b)(3). *1257 Jones holds that the "need" and "undue hardship" required for production of work product documents cannot be demonstrated solely by the bare assertions of counsel, but must be demonstrated by affidavit or sworn testimony. 847 So.2d at 1119. Even if the Bronco has deteriorated, as counsel for North Shore asserts, nothing in the record explains why North Shore cannot recreate, without undue hardship, the condition of the Bronco and the tire at the time of the accident by use of the photographs produced by Falco. See Procter & Gamble Co. v. Swilley, 462 So.2d 1188, 1194 (Fla. 1st DCA 1985).
As in Jones, upon remand the trial court must conduct an evidentiary hearing, including, if necessary, conducting an in camera review of the respective materials. Jones, 847 So.2d at 1119.
Petition for Writ GRANTED; Order QUASHED; REMANDED for further proceedings.
KAHN and WEBSTER, JJ., Concur.
NOTES
[1] The order on appeal also compelled discovery of certain photographs which have already been produced and are therefore not in dispute.