868 So.2d 659 (2004)
Lisa Marie FALCO, Individually, and as the parent and natural guardian of the Plaintiff, Devon Neely, a minor, Petitioner,
v.
Carina Jean COPELAND, Super-Lube, Inc., a Florida corporation, Bridgestone/Firestone North America Tire, L.L.C., successor to Bridgestone/Firestone, Inc., a Foreign corporation, Bridgestone Corporation, a Foreign corporation, North Shore Laboratories Corporation, a foreign corporation, William Lane and James Lane d/b/a Wiregrass Distributing Co., a Foreign business, and Safety Tire Seal Corporation, a foreign corporation, Respondents.
No. 1D03-3999.
District Court of Appeal of Florida, First District.
March 23, 2004.
*660 Julie H. Kittky-Rubin of Lytal, Reiter, Clark, Fountain & Williams, LLP, West Palm Beach, for Petitioner.
W. Cleveland Acree, II, and Daniel A. Tressler, II, of Unger, Acree, Weinstein, Marcus, Merrill, Kast & Metz, P.L., Orlando, for Respondents North Shore Laboratories Corporation and Safety Tire Seal Corporation.
PER CURIAM.
The plaintiff has filed a petition for writ of certiorari in this court to review orders of the trial court requiring her parents to answer questions at their depositions, and requiring the disclosure of videotapes her parents viewed in preparation for their depositions. The record fails to show that the trial court departed from the essential requirements of law. Accordingly, the petition for writ of certiorari is denied.
This is the second discovery dispute that has made its way to this court in a certiorari proceeding involving the same parties. In the first, we held that the trial court erred in requiring the production of videotapes made in preparation for trial, because these items are protected by the work product privilege and the defendants failed to show a need for disclosure. See Falco v. North Shore Laboratories, 866 So.2d 1255 (Fla. 1st DCA 2004). We remanded for an evidentiary hearing on the issue of the defendant's need for disclosure. The facts leading up to the lawsuit are set out in the first Falco opinion and will not be restated here.
On the record provided in the appendices, we are unable to determine whether the trial court's order requiring the plaintiff's parents to answer questions in their depositions will violate the attorney-client privilege. It is possible the parents will be able to assert the privilege on the theory that they are acting as agents for their daughter, see Gerheiser v. Stephens, 712 So.2d 1252 (Fla. 4th DCA 1998), but, so far, the plaintiff has not established a sufficient factual basis for that argument. Because the parents declined to answer any questions about their relationship with the plaintiff's counsel, we are unable to say that they were acting as agents or intermediaries.
The plaintiff's parents will have to answer questions relating to the existence of the attorney-client privilege and their right to assert the privilege. This information is not protected by the privilege in any event. Whether the plaintiff's parents have a right to decline to answer questions about the content of the communications they *661 had with the plaintiff's lawyer is an issue that cannot be resolved yet.
As for the second issue, we are assuming that the videotapes the parents viewed in preparation for their depositions were the same as the ones that were in issue in the earlier case.[1] The argument the defendants made here is that the work product privilege, if any, was waived when the videotapes were shown to the plaintiff's parents. This issue may become moot depending on the outcome of the hearing on remand from the earlier case. If the trial court determines that the defendants have made a proper showing of need that is sufficient to overcome the work product privilege, then it will make little difference whether the privilege is waived.
If the trial court rules that the defendants have failed to establish a need for disclosure of the videotapes despite the work product privilege, the court will then need to determine whether the privilege has been waived. The trial court did not give a reason for ordering disclosure of the videotapes, but it is fair to assume that the judge has not yet reached the issue of waiver. It would not have been necessary to reach that issue, given the trial court's determination that the defendants had shown a need for disclosure. Depending on the outcome of the evidentiary hearing, the plaintiffs may still have an argument that the privilege continues to exist and that it has not been waived.
The petition for writ of certiorari in this case included a third point regarding the propriety of an order imposing attorney's fees as a sanction. As the plaintiff now concedes, the issue is premature, as the trial court has determined only the issue of entitlement to fees and has not yet established the amount.
Certiorari denied.
BOOTH, PADOVANO and BROWNING, JJ, concur.
NOTES
[1] There are numerous discovery orders between the two cases, seven in this case alone. It is not clear why there are so many orders, or whether the videotapes referred to in the orders presently before the court are the same as those at issue in the previous petition.