# Third District Court of Appeal

## State of Florida

Opinion filed January 13, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1515
Lower Tribunal No. 18-34230
_____

**Avatar Property & Casualty Insurance Company,**
Petitioner,

vs.

**Gladys Mitchell,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Alan S. Fine, Judge.

Butler, Weihmuller, Katz, Craig, LLP, and Curt L. Allen, Brian A. Hohman, and Adam M. Topel (Tampa), for petitioner.

Marin, Eljaiek, Lopez & Martinez, P.L., and Steven E. Gurian, for respondent.

Before SCALES, HENDON, and MILLER, JJ.

MILLER, J.

Petitioner, Avatar Property & Casualty Insurance Company, seeks certiorari review of an order requiring the disclosure of certain materials prepared by its adjuster in the underlying first-party property insurance lawsuit filed by respondent, Gladys Mitchell. For the reasons set forth below, we grant relief.

## BACKGROUND

After sustaining damage to her residence, Mitchell contacted her property insurer, Avatar, to report a claim. A field inspection was arranged, and Avatar's adjuster responded to the home. The adjuster met with a loss consultant, retained by Mitchell. The adjuster then prepared a post-loss report and photographed the interior and exterior of the residence, recording his observations on each of the photographs.

A dispute regarding coverage arose and Mitchell filed suit. Thereafter, she sought discovery of "any and all photographs taken by [Avatar] of the [p]roperty," and "[a]ll documents containing information regarding a statement by [Mitchell] at any time during [Avatar's] handling of [Mitchell's] loss, including adjuster notes, claim reports, interoffice memorandum, tape recordings and any transcripts or written statements from [Mitchell]." Avatar asserted work-product privilege and, eventually, filed a privilege log. Following an in-camera review, the trial court ordered dissemination of both the report and unredacted photographs. The instant petition ensued.

## LEGAL ANALYSIS

2

"Certiorari is an extraordinary remedy that is available only in limited circumstances." Charles v. State, 193 So. 3d 31, 32 (Fla. 3d DCA 2016). It is warranted only "when a nonfinal order: (1) cannot be remedied on postjudgment appeal, (2) results in material injury for the remainder of the case, and (3) departs from the essential requirements of law." A.H. v. Dep't of Children & Families, 277 So. 3d 704, 707 (Fla. 3d DCA 2019) (citing Fernandez-Andrew v. Fla. Peninsula Ins. Co., 208 So. 3d 835, 837 (Fla. 3d DCA 2017)). "The first two prongs of the analysis are jurisdictional." Dade Truss Co. Inc. v. Beaty, 271 So. 3d 59, 62 (Fla. 3d DCA 2019) (citation omitted).

Although trial courts are endowed with broad discretion in ruling on discovery matters, "[o]rders requiring disclosure of 'cat out of the bag' material that is not subject to discovery by reason of privilege or by other valid reason for nondisclosure are commonly reviewed by certiorari petition because the harm caused by wrongly compelling the petitioner to disclose protected material is irreparable." Barker v. Barker, 909 So. 2d 333, 336-37 (Fla. 2d DCA 2005) (citation omitted); see Friedman v. Heart Inst. of Port St. Lucie, Inc., 863 So. 2d 189, 194 (Fla. 2003).

"[T]he work product doctrine is a creation of the common law, first identified by the United States Supreme Court in Hickman v. Taylor, 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451 (1947), and adopted by the Florida Supreme Court in Atlantic Coast Line R.R. Co. v. Allen, 40 So. 2d 115 (Fla.1949)." Lakeland Reg'l Med. Ctr.

3

v. Neely, 8 So. 3d 1268, 1270 (Fla. 2d DCA 2009).  In <u>Hickman</u>, relying upon the lauded goal of preventing "unwarranted inquiries into the files and mental impressions of an attorney," our highest court held that work-product is immune from discovery disclosure.  329 U.S. at 510, 67 S. Ct. at 393.

In Florida, the work-product privilege is codified within the Florida Rules of Civil Procedure.  Rule 1.280(b)(4) provides a party may only obtain materials prepared in anticipation of litigation, "upon a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means."  In this context, the phrase "in anticipation of litigation" has been broadly construed to encompass those "investigative materials if such materials were compiled in response to some event which foreseeably could be made the basis of a claim."  <u>Fireman's Fund Ins. Co. v. Signorelli</u>, 681 So. 2d 720, 721 (Fla. 2d DCA 1996) (citation omitted).  Further, an attorney's bare assertions of "need" and "undue hardship" are insufficient to satisfy the rigorous prerequisite to disclosure.  <u>Fla. E. Coast Ry. L.L.C. v. Jones</u>, 847 So. 2d 1118, 1119 (Fla. 1st DCA 2003) (citations omitted).  Rather, proof of the same must be demonstrated by affidavit or other sworn testimony.  <u>Falco v. N. Shore Labs. Corp.</u>, 866 So. 2d 1255, 1257 (Fla. 1st DCA 2004) (citation omitted).  Finally, assuming the threshold burden is satisfied, the lower court remains charged with protecting "against disclosure of the mental

4

impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Fla. R. Civ. P. 1.280(b)(4).

Here, Mitchell retained a loss consultant and lodged a claim. The adjuster was tasked with investigating whether the claim was subject to coverage. Consequently, the materials challenged constitute work-product. See Fla. Power Corp. v. Dunn, 850 So. 2d 655, 656 (Fla. 2d DCA 2003) (noting photographs taken at accident scene were work-product); State Farm Fire & Cas. Co. v. Valido, 662 So. 2d 1012, 1013 (Fla. 3d DCA 1995) (finding surveillance photographs "were protected by the work product privilege") (citations omitted); see also GKK v. Cruz, 251 So. 3d 967, 969 n.3 (Fla. 3d DCA 2018) ("Documents are prepared in 'anticipation of litigation' . . . if they were 'prepared in response to some event which foreseeably could be made the basis of a claim in the future.'") (citation omitted); Liberty Mut. Fire Ins. Co. v. Kaufman, 885 So. 2d 905, 910 (Fla. 3d DCA 2004) ("In the insurance context, a document may be deemed to have been prepared in anticipation of coverage litigation if it was created after the insured tendered its claim for coverage; if it begins to appear that the insurer might deny coverage or reserve its rights; the insurer denies coverage; if coverage litigation appears imminent; or if coverage litigation commenced."). Mitchell made no showing below of those exceptional circumstances required to justify compelled disclosure. See Prudential Ins. Co. of Am. v. Fla. Dep't of Ins., 694 So. 2d 772, 774 (Fla. 2d DCA 1997)

(holding that since the department failed to show need and inability to obtain information by other means, order requiring disclosure departed from the essential requirements of law); Procter & Gamble Co. v. Swilley, 462 So. 2d 1188, 1194 (Fla. 1st DCA 1985) ("Absent the prescribed showing of Rule 1.280(b)(2), P & G's work product should not have been ordered produced"). Further, as liability for coverage remains in dispute, the report, housed within the claim file, is irrelevant, hence, not yet "otherwise discoverable," within the meaning of Florida Rule of Civil Procedure 1.280(b)(4). See Ill. Nat'l Ins. Co. v. Bolen, 997 So. 2d 1194, 1196 (Fla. 5th DCA 2008) ("[A]n insurer's claims file . . . is not subject to discovery until the insurer's obligation to provide coverage and benefits is determined.") (citations omitted); Scottsdale Ins. Co. v. Camara De Comercio Latino-Americana De Los Estados Unidos, Inc., 813 So. 2d 250, 251 (Fla. 3d DCA 2002) ("When the issue of insurance coverage is unresolved and at issue in pending court proceedings, a trial court must not order an insurer to produce its claims files.") (citations omitted); see also Owners Ins. Co. v. Armour, 303 So. 3d 263, 267 (Fla. 2d DCA 2020) (finding a trial court departs form the essential requirements of law by compelling disclosure of an insurer's claim where the issue of coverage remains in dispute); Homeowners Choice Prop. & Cas. Ins. Co. v. Mahady, 284 So. 3d 582, 583 (Fla. 4th DCA 2019) (granting writ of certiorari as an order requiring disclosure of the insurer's underwriting and claims file prior to a determination of liability for coverage and

6

damages departed from the essential requirements of law); <u>Gen. Star Indem. Co. v. Atl. Hosp. of Fla., LLC</u>, 93 So. 3d 501, 503 (Fla. 3d DCA 2012) (granting a petition for certiorari where order compelled production of work-product documents before coverage was determined); <u>State Farm Mut. Auto. Ins. Co. v. O'Hearn</u>, 975 So. 2d 633, 637-38 (Fla. 2d DCA 2008) (granting petition for writ of certiorari and quashing the order requiring State Farm to produce its claim file until the issues of liability for coverage and damages were determined); <u>Am. Bankers Ins. Co. of Fla. v. Wheeler</u>, 711 So. 2d 1347, 1348 (Fla. 5th DCA 1998) ("We therefore hold that the trial court departed from the essential requirements of law . . . in compelling disclosure of the privileged claim file until the remaining coverage issue is resolved."). Accordingly, we conclude relief in certiorari is warranted and grant the petition.

Petition granted; order quashed.