958 So.2d 1031 (2007)
AVANTE VILLA AT JACKSONVILLE BEACH, INC. d/b/a Avante at Jacksonville Beach, Petitioner,
v.
Candyce BREIDERT, as Personal Representative of the Estate of Darlene E. Payson, Deceased, Respondent.
No. 1D06-4880.
District Court of Appeal of Florida, First District.
June 5, 2007.
*1032 Kari Aasheim of McCumber, Inclan, Daniels, Buntz, Hartig & Puig, P.A., Tampa, for Petitioner.
Karen L. Goldsmith and Jonathan S. Grout of Goldsmith, Grout & Lewis, P.A., Winter Park, for Florida Health Care Association, Amicus Curiae for Petitioner.
David Paul and Simon Wiseman of Paul & Coppock, P.A., Orlando; and Philip M. Burlington of Burlington & Rockenback, P.A., West Palm Beach, for Respondent.
Lincoln J. Connolly of Rossman, Baumberger, Reboso & Spier, P.A., Miami, for Floridians for Patient Protection, Inc., Amicus Curiae for Respondent.
WOLF, J.
Petitioner, Avante Villa at Jacksonville Beach, Inc. (Avante), a nursing home, filed a petition for writ of certiorari seeking review of an order compelling the discovery of documents petitioner claimed to be privileged, arguing that: (1) documents originating in nursing homes are not discoverable because nursing homes do not fall within the definition of "health care facility" or "health care provider" as contemplated by Amendment 7 to the Florida Constitution, later incorporated as article 10, section 25, and (2) Amendment 7 is preempted by federal law which occupies the field of quality assurance in the nursing home industry. Because we find that nursing homes and skilled nursing facilities are excluded from Amendment 7, we need not address the federal preemption issue.
Darlene Payson, deceased, resided at Avante from March 21, 2003, to April 11, 2003. On March 28, 2005, respondent, Candyce Breidert, personal representative of the Estate of Darlene Payson, filed a cause of action under chapter 400, Florida Statutes. She alleged that Avante failed to take adequate precautions or provide adequate supervision and, as a result, Payson suffered numerous falls, including one which resulted in a right pneumothorax, subdural hematoma, and subarachnoid hemorrhage. She alleged that those injuries caused or contributed to Payson's death on December 15, 2003. The complaint alleged that Avante violated the patients' resident rights guaranteed by section 400.022, Florida Statutes, the Florida Administrative Code, OBRA[1] regulations, as well as the common law standard of care.
On April 5, 2005, and February 8, 2006, respondent made discovery requests to Avante, including a set of interrogatories and two requests for production. Avante raised objections, asserting a privilege against discovery due to confidentiality of self-critical analysis and quality assurance efforts. In lieu of documents claimed to be protected, Avante produced what they called a "privilege log," which was a list of four events: two "unusual occurrence incident report[s]" and two "incident log analys[es]."
The trial court ruled that the disputed documents were, in fact, documents from a health care facility and ordered production of the documents for an in camera inspection pursuant to article X, section 25(c)(1) of the Florida Constitution.
Certiorari is the appropriate remedy where the trial court orders disclosure of privileged information, where such disclosure departs from the essential requirements of law thereby causing irreparable injury which cannot be remedied on appeal following final judgment. Huet v. Tromp, 912 So.2d 336, 338 (Fla. 5th DCA 2005).
Whether or not the trial court's ruling departed from the essential requirements *1033 of law rests on this court's interpretation of article X, section 25 of the Florida Constitution. Any inquiry into the proper interpretation of a constitutional provision must begin with an examination of that provision's explicit language. If that language is clear, unambiguous, and addresses the matter in issue, then it must be enforced as written. See Fla. League of Cities v. Smith, 607 So.2d 397, 400 (Fla. 1992) ("[T]he law is settled that when constitutional language is precise, its exact letter must be enforced and extrinsic guides to construction are not allowed to defeat the plain language"); In re Advisory Opinion to the Governor, 374 So.2d 959, 964 (Fla.1979) ("In construing provisions of the constitution, each provision must be given effect, according to its plain and ordinary meaning"); City of St. Petersburg v. Briley, Wild & Assocs., Inc., 239 So.2d 817, 822 (Fla.1970) ("If the language is clear and not entirely unreasonable or illogical in its operation we have no power to go outside the bounds of the constitutional provision in search of excuses to give a different meaning to words used therein").
Amendment 7, enacted in the 2004 election by citizens' initiative, authorizes discovery of documents related to adverse medical incidents occurring in health care facilities or under health care providers. Amendment 7 defines the terms "health care facilities" and "health care provider" as follows:
The phrases "health care facility" and "health care provider" have the meaning given in general law related to a patient's rights and responsibilities.

Art. X, § 25(c)(1), Fla. Const. (emphasis added).
Although in certain general law provisions nursing homes have been included in the definition of health care facility and health care provider,[2] Amendment 7 limits the definitions to the "meaning given in general law related to a patient's rights and responsibilities." Art. X, § 25(c)(1), Fla. Const. (emphasis added).
Section 381.026, Florida Statutes, which was enacted prior to Amendment 7's passing, is the only section of the Florida Statutes that deals specifically with a patient's rights and responsibilities. Section 381.026, entitled "Florida Patient's Bill of Rights and Responsibilities," defines a health care facility as "a facility licensed under chapter 395" and a health care provider as "a physician licensed under chapter 458, an osteopathic physician licensed under chapter 459, or a podiatric physician licensed under chapter 461." § 381.026(2)(b) & (c), Fla. Stat. These definitions have the precise wording used in the codified version of Amendment 7 and exclude nursing homes by omission, because a separate "Residents' Bill of Rights" was enacted in 1993 to address nursing home residents' rights. See § 400.628, Fla. Stat. (1993).
Further, the Florida Patient's Bill of Rights and Responsibilities was enacted in 1991, more than a decade before Amendment 7 was adopted by the electorate. It is the only section of the statutes that used the specific term at the time of the adoption of Amendment 7. Therefore, the specific language in Amendment 7 requiring that the definition be "related to a patient's rights and responsibilities" can be reasonably interpreted as adopting the definitions used in the Florida Patient's Bill of Rights and Responsibilities.
*1034 Further, in 2005, the Florida Legislature codified Amendment 7 in section 381.028(3), Florida Statutes, and defined "health care facility" and "health care provider" as follows:
(e) "Health care provider" means a physician licensed under chapter 458, chapter 459, or chapter 461.
(f) "Health care facility" means a facility licensed under chapter 395.
Thus, Amendment 7's statutory codification excludes nursing homes from compelled discovery of adverse medical incidents. While portions of section 381.028 have been previously declared in conflict with Amendment 7, see Notami Hospital of Florida, Inc. v. Bowen, 927 So.2d 139, 143 (Fla. 1st DCA 2006) (finding section 381.028, Florida Statutes, unconstitutional because it "drastically limits or eliminates discovery of records the amendment expressly states are discoverable, and limits the `patients' qualified to access those records."); Florida Hospital Waterman, Inc. v. Buster, 932 So.2d 344 (Fla. 5th DCA 2006) (rejecting the interpretation of Amendment 7 by the Legislature), this particular provision of the statute is not in conflict with the language contained in the amendment. Where a legislative codification of a constitutional amendment is not in conflict with the purpose of the amendment, the legislative interpretation should be given deference. Greater Loretta Improvement Ass'n v. State ex rel. Boone, 234 So.2d 665 (Fla.1970).[3]
Because no conflict exists, the trial court was required to apply the law of Florida's Constitution as codified and clarified in section 381.028, Florida Statutes, which excludes nursing homes and skilled nursing facilities. Therefore, the trial court, in finding that a nursing home was a health care provider and compelling the documents at issue, departed from the essential requirements of law.
Further, "erroneous production of . . . privileged and/or protected documents cannot be remedied on appeal, and thus may result in a miscarriage of justice." Progressive Am. Ins. Co. v. Lanier, 800 So.2d 689, 691 (Fla. 1st DCA 2001). In the case at hand, the trial court ordered that the documents in question be turned over to it for in camera inspection, and petitioner will suffer irreparable injury if the trial court turns the privileged documents over to the respondent.
Accordingly, because the trial court departed from the essential requirements of law and petitioner will suffer irreparable injury that cannot be adequately remedied on appeal, we grant the writ of certiorari, and vacate the trial court's order.
Because this is a question of great public importance, we certify the following question to the Florida Supreme Court:
WHETHER "NURSING HOMES" OR "SKILLED NURSING FACILITIES" FALL WITHIN THE DEFINITION OF "HEALTH CARE FACILITY" OR "HEALTH CARE PROVIDER" AS CONTEMPLATED BY AMENDMENT 7 TO THE FLORIDA CONSTITUTION?
BARFIELD and VAN NORTWICK, JJ., concur.
NOTES
[1] Federal Nursing Home Reform Act from the Omnibus Budget Reconciliation Act.
[2] See § 408.032(8), Fla. Stat.; § 408.07(24), Fla. Stat.; § 400.602(2), Fla. Stat.; § 381.0303(3)(a)2., Fla. Stat.; § 159.27(16), Fla. Stat.; § 765.101(6) & (7), Fla. Stat.; § 154.205(8), Fla. Stat.; § 717.101(11), Fla. Stat.; § 440.13(1)(g), Fla. Stat.
[3] We note, however, that both Notami and Buster involved chapter 395 licensed hospitals, and the definition of "health care facility" and "health care provider" was not at issue in those cases. However, dicta located in a footnote of Buster mentions that Amendment 7 was enacted by the people to change the law by eliminating guaranteed privileges such as section 400.118, Florida Statutes (2005), which covers quality assurance in nursing homes.