969 So.2d 519 (2007)
TANDEM HEALTHCARE, INC., a foreign Corporation d/b/a Tandem Healthcare of West Palm Beach, Inc., a Florida Corporation, Petitioner,
v.
Jodi BENJAMIN as Personal Representative of the Estate of Marlene Gagnon, Deceased, Respondent.
No. 4D07-949.
District Court of Appeal of Florida, Fourth District.
November 21, 2007.
John A. Brekka, Jr., of Quintairos, Prieto, Wood & Boyer, P.A., Fort Lauderdale, for petitioner.
Jane Kreusler-Walsh and Rebecca Mercier Vargas of Kreusler-Walsh, Compiani & Vargas, P.A., West Palm Beach, and Jeffrey M. Fenster and Stacie L. Cohen of Fenster & Faerber, P.A., Plantation, for respondent.
Jonathan S. Grout and Karen L. Goldsmith of Goldsmith, Grout & Lewis, P.A., Winter Park, for Amicus Curiae Florida Health Care Association.
Philip M. Burlington of Burlington & Rockenbach, P.A., West Palm Beach, for Amicus Curiae Florida Justice Association.
PER CURIAM.
Tandem Healthcare, Inc., a nursing home, seeks certiorari review of an order compelling the production of materials. It is undisputed that the materials would be privileged but for the trial court's conclusion that discovery from nursing homes is included under the terms of Article X, section 25 of the Florida Constitution, (Amendment 7)[1]. We conclude that Amendment 7 does not cover production of privileged documents from a nursing home and grant the petition.
Jodi Benjamin, as personal representative of the estate of Marlene Gagnon, sued Tandem for negligence resulting in the death of Gagnon, a patient at the home. Gagnon suffered cardiac failure and brain damage when food became lodged in her airway. Benjamin requested that Tandem produce "all reports or records of any `Adverse Medical Incident'" involving Gagnon, as provided by Article X, section 25, of the Florida Constitution. She also requested peer review documents and quality assurance records.
Amendment 7 gives "patients" the right to access records of adverse "medical incidents" in the hands of "health care providers" and "health care facilities." Unless Amendment 7 applies, the documents in question are protected from discovery by section 400.119, Florida Statutes (2006) (providing for confidentiality of incident reports) and section 400.147 (pertaining to internal risk management and quality assurance programs, including provisions making adverse incident reports confidential and not admissible or discoverable). *521 See 1620 Health Partners, L.C. v. Fluitt, 830 So.2d 935 (Fla. 4th DCA 2002).
Amendment 7 was directed toward claims for medical malpractice. Nursing home claims under chapter 400, Florida Statutes, however, do not constitute claims of medical malpractice. § 400.023(7), Fla. Stat. ("An action under this part for a violation of rights or negligence recognized herein is not a claim for medical malpractice, and the provisions of section 768.21(8) do not apply to a claim alleging death of the resident."); Integrated Health Care Servs., Inc. v. Lang-Redway, 840 So.2d 974 (Fla.2002); Weinstock v. Groth, 629 So.2d 835 (Fla.1993).
Amendment 7 does not expressly define "health care facility" or "health care provider." We conclude that nursing homes are not health care facilities or health care providers for the purpose of applying this amendment. The amendment applies to "patients," but nursing home occupants are referred to in chapter 400 as "residents," not as patients. See Avante Villa at Jacksonville Beach, Inc. v. Breidert, 958 So.2d 1031 (Fla. 1st DCA 2007).
The petitioner in Avante Villa was a nursing home, and the order on review, as in this case, compelled discovery of documents which the nursing home claimed were privileged. The district court concluded that the nursing home was not subject to the amendment. Id. at 1032.
The district court focused on the following language of Article X, section 25: "The phrases `health care facility' and `health care provider' have the meaning given in general law related to a patient's rights and responsibilities." Art. X, § 25(c)(1), Fla. Const. (emphasis added). It noted that while there are provisions of general law that include nursing homes within the meaning of "health care facility" or "health care provider," only one statute deals with "a patient's rights and responsibilities," and that statute was section 381.026, enacted in 1991. That was the only statute using that language at the time Amendment 7 was adopted. The court, therefore, concluded that "the specific language in Amendment 7 requiring that the definition be `related to a patient's rights and responsibilities' can be reasonably interpreted as adopting the definitions used in the Florida Patient's Bill of Rights and Responsibilities." Id. at 1033.
The First District found further support for this conclusion by referring to the definitions of health care facility and health care provider found in section 381.028(3), enacted in 2005 to codify Amendment 7. The First District concluded that the trial court should have applied the statutory definitions to find nursing homes were not included in the meaning of the provision. However, it also certified to the supreme court, as a question of great public importance, the following question:
WHETHER "NURSING HOMES" OR "SKILLED NURSING FACILITIES" FALL WITHIN THE DEFINITION OF "HEALTH CARE FACILITY" OR "HEALTH CARE PROVIDER" AS CONTEMPLATED BY AMENDMENT 7 TO THE FLORIDA CONSTITUTION?
Id. at 1034.[2]
We recognize that nurses are health care providers for purposes of the Medical Malpractice Act. §§ 766.1115(3)(d)8, 766.1116(1), & 766.202(4), Fla. Stat. (2004). A number of other general laws define health care facilities as including nursing homes; for example, those pertaining to the Health Facility and Services Development Act, sections 408.031-.045, Florida *522 Statutes: section 408.032(8) ("`Health care facility' means a . . . skilled nursing facility. . . ."); and section 408.033(2)(a) (providing for funding for local health councils). Obviously, nursing homes are health care facilities for some purposes. Nevertheless, we reject the argument that nursing homes are health care facilities for purposes of applying Amendment 7.
A plain reading of the amendment reflects its reference to section 381.026 by its name, "The Florida Patient's Bill of Rights and Responsibilities," when it defined the terms "health care provider" and "health care facility" by "the general law related to a patient's rights and responsibilities" (emphasis added). We note that both of those terms are specifically defined in that statute.
It may well be that there is substantial social benefit in recognizing freedom of information over a nursing home's privilege with respect to health care matters generally, and that the purpose of the voters adopting the amendment would be well served by applying the amendment to privileged incident reports in any health-related context, including those prepared in a nursing home. However, although there are many definitions of the terms "health care provider" and "health care facility" scattered throughout the Florida Statutes, only one was incorporated into the amendment by reference. We conclude that Avante Villa was correctly decided and certify to the supreme court the same question certified by the First District in that case.
We grant the petition and quash the trial court order.
STONE, WARNER and MAY, JJ., concur.
NOTES
[1] Article X, section 25 was placed on the ballot as Amendment 7 and, thus, is commonly referred to as Amendment 7. It is also referred to as the "Patients' Right To Know Amendment."
[2] A search of the supreme court's online docket finds no case pending there originating from Avante Villa, and a search of the First District's online docket does not show anything indicating that further review was being sought in the supreme court.