ALTENBERND, Judge.
 

 Lakeland Regional Medical Center (LRMC) petitions this court for a writ of certiorari quashing an order of the trial court that required LRMC to produce twelve reports of adverse medical incidents prepared in accordance with Florida law.
 
 [1]
 
 LRMC submits that these reports are pro
 
 *1269
 
 tected from disclosure by the common law work product doctrine. Constrained by the Florida Supreme Court’s decision in
 
 Florida Hospital Waterman, Inc. v. Buster,
 
 984 So.2d 478 (Fla.2008), we determine that the trial court did not depart from the essential requirements of the law in ordering the production of reports of adverse medical incidents prepared in anticipation of litigation. We accordingly deny the petition.
 

 In the cause of action before the trial court, Roñica and Bryan Neely, on behalf of their daughter, have presented allegations of medical malpractice against Dr. Gracia Damian and Lakeland OB-GYN. Dr. Damian and her clinic use the facilities of LRMC for deliveries and surgery. In May 2008, the Neelys served a subpoena duces tecum on LRMC seeking several categories of medical records. One category consisted of records of reports of adverse medical incidents involving Dr. Damian, which the Neelys requested based on article X, section 25, of the Florida Constitution, titled “Patients’ right to know about adverse medical incidents” and commonly known as Amendment 7. LRMC objected to the production, filed a privilege log identifying fourteen reports, and moved for a protective order, asserting the reports were protected under the work product doctrine because they had been prepared in anticipation of litigation. After conducting a hearing on the issue in July 2008, the trial court denied LRMC’s motion for a protective order and effectively required LRMC to produce twelve of the fourteen reports of adverse medical incidents.
 

 As this court has recognized, “[c]ertiorari review ‘is appropriate when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal.’ ”
 
 Harley Shipbuilding Corp. v. Fast Cats Ferry Serv., LLC,
 
 820 So.2d 445, 448 (Fla. 2d DCA 2002) (quoting
 
 Allstate Ins. Co. v. Langston,
 
 655 So.2d 91, 94 (Fla.1995)). Thus, “a petition for writ of certiorari is appropriate to remedy situations in which hospitals have been wrongly ordered to disclose statutorily privileged documents.”
 
 Tarpon Springs Gen. Hosp. v. Hudak,
 
 556 So.2d 831, 832 (Fla. 2d DCA 1990).
 

 In seeking reports of adverse medical incidents, the Neelys rely on the ballot initiative known as Amendment 7, which was approved by the voters on November 2, 2004, and codified as article X, section 25, of the Florida Constitution. Before the passage of Amendment 7, Florida law, by statute, restricted discovery in a civil or administrative action of investigations, proceedings, and records of a health care provider’s review of its staff members and physicians.
 
 See
 
 §§ 395.0191(8), .0193(8), 766.101(5), Fla. Stat. (2007). The legislature granted these protections to health care providers in conjunction with, and in order to foster, state-mandated peer review requirements.
 
 See generally Holly v. Auld,
 
 450 So.2d 217 (Fla.1984). Against this backdrop of statutory protections, the Florida Constitution now provides that a patient has “a right to access any records made or received in the course of business by a health care facility or provider relating to any adverse medical incident.” Art. X, § 25(a), Fla. Const.
 

 LRMC argues that Amendment 7’s application does not extend to records protected under the common law work product doctrine. Specifically, LRMC contends that Amendment 7 was not intended to apply to materials protected by the work product doctrine and that the Amendment’s retroactive application to preexisting reports of adverse medical incidents would violate the Florida Constitution. We conclude that these arguments
 
 *1270
 
 are foreclosed by the supreme court’s decision in
 
 Buster.
 

 In
 
 Buster,
 
 the Florida Supreme Court addressed Amendment 7’s application to existing medical records protected under sections 395.0191(8), 395.0193(8), and 766.101(5), as referenced above. 984 So.2d at 486. As broadly construed by the court in
 
 Buster,
 
 Amendment 7 “removefs] any barrier to a patient’s discovery of adverse medical incident information, including the peer review protections provided by the statute.”
 
 Amisub N. Ridge Hosp., Inc. v. Sonaglia,
 
 995 So.2d 999, 1001 (Fla. 4th DCA 2008).
 

 In reaching its conclusion, the supreme court in
 
 Buster
 
 employed the two-part ret-roactivity analysis of
 
 Dade County v. Chase Federal Housing Corp.,
 
 737 So.2d 494 (Fla.1999). Under the first part of this analysis, the court read Amendment 7 as intended to apply to existing medical records protected from discovery “by overriding and supplanting existing statutory provisions that limited access.” 984 So.2d at 488. Turning to the second part of its retroactivity analysis, the court determined that Amendment 7 could be constitutionally applied to preexisting records because the statutes protecting such records did not establish a substantive, vested right on which medical providers could rely.
 
 Id.
 
 at 490. The court thus concluded that the Amendment provided access to existing histories of adverse medical incidents.
 
 Id.
 
 at 492.
 

 The supreme court’s analysis in
 
 Buster
 
 controls our determination in this case that the trial court did not depart from the essential requirements of the law. First, like the statutory privileges at issue in
 
 Buster,
 
 work product materials are not exempted under the language of Amendment 7. The court summarized Amendment 7 as intended to “do away with existing restrictions on a patient’s right to access a medical provider’s history of adverse medical incidents and to provide a clear path to access those records.”
 
 Id.
 
 at 489. We find no basis to except work product materials from the reach of Amendment 7 as interpreted in
 
 Buster.
 

 Second, the work product doctrine is a creation of the common law, first identified by the United States Supreme Court in
 
 Hickman v. Taylor,
 
 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), and adopted by the Florida Supreme Court in
 
 Atlantic Coast Line R.R. Co. v. Allen,
 
 40 So.2d 115 (Fla.1949). As a product of case law, the doctrine grants health care providers no more of a vested, substantive right than the statutory privileges at issue in
 
 Buster.
 
 Thus, the trial court’s order permitting discovery of adverse medical incident reports that LRMC contends are protected work product is consistent with Amendment 7 as interpreted by the Florida Supreme Court in
 
 Buster.
 

 LRMC observes that some of these reports, in all probability, contain statements, opinions, and other information provided by sources who reasonably believed that their identities would not be readily available in litigation except to the lawyers representing LRMC. Admittedly, records prepared in anticipation of litigation are prepared by clients, at least in part, to assist lawyers. LRMC essentially argues that the fact these records are prepared in anticipation of litigation by health care professionals does not necessarily transform them into the type of records the electorate intended to make available for patients. At least as it relates to these incident reports, we conclude these arguments do not override the reasoning in
 
 Buster.
 

 [2]
 

 
 *1271
 
 Accordingly, we deny LRMC’s petition for writ of certiorari. Because this issue affects litigation throughout the state, as well as rules of procedure promulgated by the supreme court, we certify the following question of great public importance:
 

 DOES THE RIGHT OF ACCESS GRANTED PURSUANT TO AMENDMENT 7, CODIFIED AS ARTICLE X, SECTION 25, OF THE FLORIDA CONSTITUTION, PREEMPT THE COMMON LAW WORK PRODUCT DOCTRINE AS IT APPLIES TO EXISTING REPORTS OF ADVERSE MEDICAL INCIDENTS?
 

 CASANUEVA and SILBERMAN, JJ., Concur.
 

 [1]
 

 .
 
 See
 
 §§ 395.0191, .0193, 766.101, .1016, Florida Statutes (2007).
 

 [2]
 

 . LRMC does not argue that this case involves documents prepared or produced at the specific request of the client's attorney for use in litigation. Thus, this opinion does not ad
 
 *1271
 
 dress the impact of Amendment 7 and
 
 Buster
 
 on such attorney-client communications between health care professionals and their attorneys.