RAMIREZ, J.
Dania and Ricardo Acevedo petition this Court for a writ of certiorari quashing the trial court’s July 2010 order on two grounds. First, petitioners request this Court quash paragraph 4 of the order instructing that all “opinions, comments, recommendations or findings, no matter by whom made” be redacted from the documents requested by petitioner pursuant to article X, section 25(a) of the Florida Constitution (Amendment 7) (emphasis added). Additionally, petitioners request this Court order production of all hospital documents related to specific adverse medical incidents per petitioners’ Requests for Production 9, 10 and 11. We find the trial court departed from the essential requirements of the law in concluding that all opinions, comments, recommendations or findings contained in the requested reports should be redacted as opinion work product. Additionally, we find the trial court abridged petitioners’ Amendment 7 rights in protecting certain documents related to events the court deemed adverse medical incidents. Accordingly, we grant the petition, quash paragraph 4 of the circuit court’s order, and require Doctors Hospital to produce all records of adverse medical incidents pursuant to petitioners’ Requests for Production 9,10 and 11.
I.
This litigation commenced with the Acevedos’ claims for medical malpractice and negligent hiring/retention pursuant to section 766.101, Florida Statutes (2007). The counts pertinent to this petition allege that defendant Dr. Solomon performed unnecessary or excessive surgery; that he did so negligently; and that respondent Doctors Hospital was negligent pursuant to section 766.101, with respect to its hiring and retention of Dr. Solomon. The Acevedos set forth the following three requests for production that are the subject of this petition:
9. Any and all records relating to any adverse medical incident involving the plaintiff, Diana Acevedo.
10. Any and all records relating to any adverse medical incident involving Emery M. Salom, M.D. while providing physician care at Defendant’s hospital, redacting the identifying information of any patients, other than the plaintiff, from the records being provided.
11. Any and all records relating to any adverse medical incident involving Luis E. Mendez, M.D. while providing physician care at Defendant’s hospital, redacting the identifying information of any patients, other than the plaintiff, from the records being provided.
Doctors Hospital filed a memorandum of law objecting to the Acevedos’ request. Following this Court’s decision in Lower Keys Medical Center v. Windisch, 29 So.3d 351 (Fla. 3d DCA 2010), petitioners moved for an order overruling Doctors Hospital’s objections. Doctors Hospital subsequently agreed to provide all incident reports and “Code 15” reports pursuant to Request 9, and filed a privilege log for the remaining Amendment 7 documents. In response, petitioners filed a “Motion for Order Compelling Defendant to Provide All Amendment 7 Records.”
After a hearing in May 2010, the trial court granted petitioners’ motion to the *951 extent it required Doctors Hospital to provide petitioners with copies of incident reports and “Code 15” reports responsive to Requests 10 and 11. The trial court additionally allowed Doctors Hospital to file a privilege log for all adverse incident records responsive to Requests 9, 10 and 11 that had not been previously provided and to which Doctors Hospital claimed privilege. Accordingly, Doctors Hospital filed a privilege log asserting the documents were opinion work product. The court conducted an in camera review of the privilege log and after a second hearing issued an order. Paragraph four of the order reads as follows:
The portions of the documents and attachments, if any, reviewed in camera that contain opinions, comments, recommendations or findings, no matter by whom made, are held outside the scope of fact work product and are held to be opinion work product. Those portions of the documents and attachments, if any, identifying “reasons” are not, however, opinion work product. Defendant shall redact said opinions, comments, recommendations and findings from the documents ordered to be produced herein.
(emphasis added). Without explanation, the trial court also withheld several risk management worksheets and one incident report relating to events which the court deemed adverse medical incidents. Petitioners now seek a writ of certiorari quashing the paragraph above and instructing Doctors Hospital to produce all adverse medical incident records.
II.
Certiorari is rarely granted where the lower court denies discovery of certain information because the harm can generally be rectified on appeal. See Ruiz v. Steiner, 599 So.2d 196, 197 (Fla. 3d DCA 1992). Nevertheless, certiorari is appropriate where, as here, petitioner demonstrates irreparable harm by showing information critical to the case would not be known or available to the appellate court for review without an order compelling discovery. Id. (granting petition where the trial court denied petitioner’s motion to compel after erroneously concluding autopsy reports were privileged); Office of Att’y Gen. v. Millennium Commc’ns & Fulfillment, Inc., 800 So.2d 255, 257 (Fla. 3d DCA 2001) (granting certiorari and quashing protective order preventing petitioner from obtaining discovery where inability to determine post-judgment what the testimony would be or how it would affect the result created irreparable injury); Riano v. Heritage Corp. of S. Fla., 665 So.2d 1142 (Fla. 3d DCA 1996).
Issuing a writ of certiorari in the instant case is necessary as the order under review is a departure from the essential requirements of the law resulting in material injury for the remainder of the case that cannot be corrected on post-judgment appeal. See Royal Caribbean Cruises, Ltd. v. Cox, 974 So.2d 462, 468 (Fla. 3d DCA 2008). The information petitioners seek is material and goes to the heart of their case such that no other documents can be substituted for those remaining in respondent’s custody. See Baldwin v. Shands Teaching Hosp. & Clinics, Inc., 45 So.3d 118, 123-26 (Fla. 1st DCA 2010) (granting certiorari where trial court denied petitioner’s motion to compel non-party to produce all adverse incident reports, including risk management and peer review records).
Moreover, certiorari is appropriate here because the redaction of comments and opinions from the adverse medical incident reports presents an unwarranted interference with petitioners’ constitutional right *952 under Amendment 7.[1] See Williams v. Spears, 719 So.2d 1236, 1239 (Fla. 1st DCA 1998) (explaining, “certiorari is an appropriate remedy where constitutional rights are deprived or delayed during the pen-dency of a legal proceeding”). Denying petitioners access to the redacted portions of the Amendment 7 reports and remaining risk management and incident reports would cause petitioners harm irreparable on appeal. Accordingly, we find this Court has jurisdiction to grant petitioner’s writ for certiorari.
HI.
Regarding the asserted privilege, Doctors Hospital argues the redacted portions of the Amendment 7 reports are tantamount to the comments, opinions, conclusions and impressions of respondent’s authorized representatives. As such, Doctors Hospital contends that the redacted portions are protected by the opinion work product privilege, notwithstanding Amendment 7.
This Court first addressed the distinction between fact and opinion work product in State v. Rabin, 495 So.2d 257, 262 (Fla. 3d DCA 1986). This distinction was later recognized by the Florida Supreme Court in Southern Bell Telephone & Telegraph Co. v. Deason, 632 So.2d 1377, 1384 (Fla.1994), and codified in Florida Rules Civil Procedures 1.280(b)(3).[2] *953 Accordingly, fact work product traditionally protects information which relates to the case and is gathered in anticipation of litigation, while opinion work product consists primarily of the attorney’s mental impressions, conclusions, opinions and theories concerning litigation. See Deason, 632 So.2d at 1384; Rabin, 495 So.2d at 262.
Generally, fact work product is susceptible to disclosure based on considerations of need and relevance. See W. Bend Mut. Ins. Co. v. Higgins, 9 So.3d 655, 657-58 (Fla. 5th DCA 2009). Conversely, and because proper representation demands that counsel be able to assemble information and plan her strategy without undue interference, opinion work product is generally afforded absolute immunity. See Surf Drugs, Inc. v. Vermette, 236 So.2d 108 (Fla.1970); Rabin, 495 So.2d at 263 (noting an attorney has a significant privacy interest in non-disclosure of opinion work product); Ford Motor Co. v. Hall-Edwards, 997 So.2d 1148, 1152-53.
The plain language of Amendment 7 evinces intent to abrogate any fact work privilege that may have attached to adverse medical incident reports prior to its passage. See Fla. Eye Clinic, P.A. v. Gmach, 14 So.3d 1044, 1048 (Fla. 5th DCA 2009) (ordering disclosure of incident reports prepared by the clinic’s risk manager in accordance with Amendment 7); Fla. Hosp. Waterman, Inc. v. Buster, 984 So.2d 478, 489 (Fla.2008) (upholding the constitutionality of Amendment 7 and noting that it creates “a broader right to know about adverse medical incidents than currently exists”); Lakeland Reg’l Med. Ctr. v. Neely, 8 So.3d 1268, 1270 (Fla. 2d DCA 2009) (finding no basis to except work product materials from the reach of Amendment 7 as interpreted by Buster ).[3] However, there is nothing in Amendment 7 to suggest the voters intended to create a chilling effect within legal profession by mandating disclosure of opinion work product. See Gmach, 14 So.3d at 1049-50 (finding reports did not contain any attorney’s mental impressions, conclusions, opinions, or theories concerning his client’s case). The only question that remains, therefore, is whether the redacted portions of respondent’s reports are privileged as opinion work product. We hold they are not.
In Neely, the district court dismissed a similar argument as the one posed by respondent here. Id. at 1270. There, petitioner noted that some of the adverse medical incident reports which it was ordered to provide likely contained statements, opinions, and other information, “provided by sources who reasonably believed that their identities would not be readily available in litigation except to the lawyers.” Id. While the Neely court agreed that records prepared in anticipation of litigation are prepared by clients, at least in part, to assist lawyers, it concluded this line of reasoning was insufficient to override the broad right of access to adverse medical incident reports guaranteed under Amendment 7. M[4]
*954 We have found no case extending opinion work product protections to the types of comments the circuit court ordered to be redacted here. Rather, case after case consistently construes opinion work product protection as extending to an attorney’s thoughts or mental impressions concerning the litigation at hand. See, e.g., Deason, 632 So.2d at 1386 (authorizing petitioner to redact any “notes, thoughts, or impressions of Southern Bell’s counsel that are printed directly on the materials”); Rabin, 495 So.2d at 262 (noting that “[c]ompelling disclosure of the attorney’s notes or memoranda of oral statements tends to reveal an attorney’s opinion work product”); Ford Motor Co., 997 So.2d at 1154 (protecting suspension orders where disclosure would reveal the mental impressions of counsel); Dodson v. Persell, 390 So.2d 704, 707 (Fla.1980) (explaining personal views of the attorney regarding various aspects of the litigation process and contained in personal notes and records come within the general category of work product protection”); Northup v. Acken, M.D., P.A., 865 So.2d 1267, 1272 (Fla.2004) (stating, “[t]he overriding touchstone in this area of civil discovery is that an attorney may not be compelled to disclose the mental impressions resulting from his or her investigations”); W. Bend Mut. Ins. Co. v. Higgins, 9 So.3d 655, 657-58 (Fla. 5th DCA 2009) (noting that work product is a device “designed to protect the work and mental impressions of counsel”).
Even in so far as, Florida Rule of Civil Procedure 1.280(b)(3) refers to the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation, we decline to extend the privilege to the comments and findings of hospital personnel routinely contained in adverse medical incident reports. (Emphasis added) To hold otherwise would undermine the broad scope of Amendment 7 outlined in Buster. See Buster, 984 So.2d at 478.
IV.
We conclude that the trial court departed from the essential requirements of the law in ordering that the opinions and comments of Doctors Hospital’s staff should be redacted from the adverse medical reports requested by petitioner. Further, we conclude that the trial court departed from the essential requirements of the law in extending protection to risk management and incident reports related to events it identified as adverse medical incidents. For the foregoing reasons, this Court quashes paragraph 4 of the trial court’s July 2010 order. Additionally, we order respondent Doctor’s Hospital to provide all adverse medical incident reports pursuant to petitioners Requests 9,10, and 11.
Petition for Writ of Certiorari granted.

. Amendment 7, which is titled "Patients’ right to know about adverse medical incidents,” provides, in its entirety, as follows:
(a) In addition to any other similar rights provided herein or by general law, patients have a right to have access to any records made or received in the course of business by a health care facility or provider relating to any adverse medical incident.
(b) In providing such access, the identity of patients involved in the incidents shall not be disclosed, and any privacy restrictions imposed by federal law shall be maintained.
(c) For purposes of this section, the following terms have the following meanings:
(1) The phrases "health care facility” and "health care provider” have the meaning given in general law related to a patient’s rights and responsibilities.
(2) The term "patient” means an individual who has sought, is seeking, is undergoing, or has undergone care or treatment in a health care facility or by a health care provider.
(3) The phrase "adverse medical incident” means medical negligence, intentional misconduct, and any other act, neglect, or default of a health care facility or health care provider that caused or could have caused injury to or death of a patient, including, but not limited to, those incidents that are required by state or federal law to be reported to any governmental agency or body, and incidents that are reported to or reviewed by any health care facility peer review, risk management, quality assurance, credentials, or similar committee, or any representative of any such committees.
(4)The phrase "have access to any records” means, in addition to any other procedure for producing such records provided by general law, making the records available for inspection and copying upon formal or informal request by the patient or a representative of the patient, provided that current records which have been made publicly available by publication or on the Internet may be "provided” by reference to the location at which the records are publicly available.
Art. X, § 25, Fla. Const.

. Fla. R. Civ. P. 1.280(b)(3) states in pertinent part: "a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that party’s representative, including that party’s attorney, consultant, surety, indemnitor, insurer, or agent, only upon a showing that the party seeking discovery has need of the materials in preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of the materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney or *953 other representative of a party concerning the litigation”, (emphasis added).

. Prior to Amendment 7, Florida law restricted discovery of investigations, proceedings, and records of a health care provider’s review of its staff members and physicians in a civil or administrative proceeding. See §§ 395.0191(8), .0193(8); § 766.101(5), Fla. Stat. (2007).

. In Neely, the court ultimately denied Lake-land Regional Medical Center’s petition and certified the following question; ”[d]oes the right of access granted pursuant to Amendment 7, codified as Article X, section 25, of the Florida Constitution, preempt the common law work product doctrine as it applies to existing reports of adverse medical incidents?” Id. at 1271.