PER CURIAM.
Petitioner Heartland Express, Inc. seeks certiorari review of an order compelling disclosure of information concerning its risk management investigation. Heartland asserts that the information sought by respondent Juan Torres through deposition questions posed to Heartland’s corporate representative is privileged work-product and that Torres made no showing of need and undue hardship necessary to compel disclosure of such work-product. We grant the petition in part and quash the order with respect to questions 1, 2, 5, and 7. We deny certiorari relief without further discussion with respect to questions 3, 4, 6, 8, 9, and 10.
FACTS AND PROCEDURAL HISTORY
Torres sued Heartland in a negligence action arising from a traffic accident. Torres filed a notice of taking deposition duces tecum of Heartland’s corporate representative, seeking certain information relating to the accident. At the deposition, Torres’ attorney asked the risk manager, who Heartland had designated as its corporate representative, the following questions:
1. Was a final determination made that the accident was preventable?
[[Image here]]
2. If Mr. Jones applied for jobs at another company as a driver, and that company contacted your company, would you feel obligated to report to the hiring company that Mr. Jones had been in a preventable accident?
[[Image here]]
5. Okay. And did you make the determination one way or the other, preventable or not preventable, before litigation commenced?
[[Image here]]
7. Was the amount of time he traveled from the time he recognized the vehicle traveling slow to the time of impact unclear to you at the time you completed your investigation into the accident?
*367 Counsel for Heartland objected to each question and instructed the witness not to answer. Torres moved to compel discovery, and Heartland moved for a protective order.
The trial court granted Torres’ motion to compel. The trial court ruled that Heartland had asserted no legally cognizable justification for privilege with respect to questions 1 and 2. For questions 5 and 7, the trial court ruled that the information sought by Torres was not privileged and that the case law cited by Heartland supported only the proposition that claims files themselves were work-product. The trial court also ruled that “Nowhere in the Florida Rules of Civil Procedure is there a provision that states that an attorney may instruct a witness not to answer a question.” Heartland seeks review of the trial court’s order.
ANALYSIS
To obtain certiorari review of a trial court’s order, the petitioner must demonstrate that the order is a departure “from the essential requirements of law thereby causing irreparable injury which cannot be remedied on appeal following final judgment.” Avante Villa at Jacksonville Beach, Inc. v. Breidert, 958 So.2d 1031, 1032 (Fla. 1st DCA 2007). An order erroneously compelling discovery of privileged information is reviewable by certio-rari because an order requiring disclosure of privileged information may cause irreparable injury. Id.; see also Allstate Ins. Co. v. Langston, 655 So.2d 91 (Fla.1995) (holding discovery of material protected by privilege or work product may cause irreparable injury because the erroneous discovery is deemed “cat-out-of-the-bag” in nature).
Heartland asserts that the trial court’s order compelling disclosure of information regarding its risk manager’s investigation departed from the essential requirements of law by requiring disclosure of work-product, which disclosure may cause irreparable injury to Heartland. We agree.
The work-product doctrine protects both fact work-product (information which relates to the case and is gathered in anticipation of litigation), as well as opinion work-product (the attorney’s mental impressions, conclusions, opinions and theories concerning litigation). See Acevedo v. Doctors Hosp., Inc., 68 So.3d 949 (Fla. 3d DCA 2011). Where information qualifies for protection as fact work-product, a party seeking discovery may obtain disclosure of such information only upon a showing of need and undue hardship to obtain the substantial equivalent of the materials through other means. See Fla. R. Civ. P. 1.280(b)(3).
Information received by attorneys prepared in anticipation of trial by investigators or non-attorneys has been determined to qualify for work-product protection. Southern Bell Tel. & Tel. Co. v. Deason, 632 So.2d 1377, 1384 (Fla.1994). Work-product protection also extends to information gathered in an investigation conducted in anticipation of litigation by corporate non-attorney employees, including employees of a corporation’s risk management department. See, e.g., Metric Engineering, Inc. v. Small, 861 So.2d 1248, 1250 (Fla. 1st DCA 2003); Florida East Coast Railway L.L.C. v. Jones, 847 So.2d 1118, 1118 (Fla. 1st DCA 2003); Royal Caribbean Cruises, Ltd. v. Doe, 964 So.2d 713, 718 (Fla. 3rd DCA 2007) (holding that incident reports filled out by employees and filed with the risk management department to be used to defend against potential litigation are protected as work-product); see also Orange Park Christian Academy v. Russell, 899 So.2d *368 1215 (Fla. 1st DCA 2005) (holding that a principal’s notes and memoranda regarding an accident at the school prepared in anticipation of litigation were work-product). It is not necessary that a lawsuit be filed for information gathered in an accident investigation to qualify for work-product protection. See Royal Caribbean Cruises, Ltd., 964 So.2d at 718; District Bd. of Trustees of Miami-Dade Community College v. Chao, 739 So.2d 105, 107 (Fla. 3d DCA 1999) (holding that even if a specific claim has not been filed, sending documents to a risk management department anticipates litigation).
Here, Torres sought discovery of information concerning Heartland’s risk management investigation through the deposition of Heartland’s risk manager. Because the risk management investigation was conducted in anticipation of litigation, information relating to the investigation qualifies for work-product protection. Questions 1, 2, 5, and 7 sought information gathered in the course of the risk manager’s investigation of the accident. Questions 1, 2, and 5 sought information related to the preventability of the accident, which is information that Heartland could have obtained only through its risk management investigation. Question 7 requested that the risk manager disclose whether his investigation of the accident revealed the speed at which Heartland’s driver was traveling at the time of the accident. Because the information sought by Torres would require Heartland to disclose information gathered in the course of the investigation by its risk manager, and because Torres made no showing of need or undue hardship, the trial court’s order compelling disclosure was a departure from the essential requirements of law. See Avante Villa, 958 So.2d at 1032.[1]
We, therefore, grant the petition for cer-tiorari with regard to questions 1, 2, 5, and 7, and quash the order with regard to questions 1,2,5, and 7.
DENIED IN PART, GRANTED IN PART.
ROBERTS, WETHERELL, and ROWE, JJ., concur.

. The trial court also erred in ruling that the Florida Rules of Civil Procedure prohibit counsel from instructing a deponent not to answer a question. Florida Rule of Civil Procedure 1.310(c) specifically provides for such an instruction in certain circumstances: "A party may instruct a deponent not to answer only when necessary to preserve a privilege.” See, e.g., American Home Assur. Co. v. Vreeland, 973 So.2d 668, 672 (Fla. 2d DCA 2008).